CAUSE NO. *12-0999*

| | | |
|---|---|---|
| MAX WALLIS | § | IN THE DISTRICT COURT |
|     Plaintiff, | § | |
| | § | |
| vs. | § | ____JUDICIAL DISTRICT |
| | § | |
| EASTMAN CHEMICAL CO., | § | |
|     Defendant. | § | HARRISON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

COMES NOW, Plaintiff MAX WALLIS ("Plaintiff" or "Wallis") complaining of Defendant Eastman Chemical Co. ("Defendant" or "Eastman"), and shows the following:

**DISCOVERY**

1. Plaintiff intends that discovery be conducted under Discovery Control Plan Level 2 pursuant to Texas Rule of Civil Procedure 190.3.

2. Request for Disclosure. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

**PARTIES**

3. Plaintiff is a resident of Harrison County, Texas and may be contacted through the undersigned counsel.

4. Defendant is a foreign corporation and may be served with process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

PLAINTIFF'S ORIGINAL PETITION

## JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court because the amount in controversy is within the jurisdictional limits of this Court.

6.      In accordance with Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code, Venue is proper in Harrison County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred in Harrison County.

## FACTS

7.      Wallis is a Caucasian male. His date of birth is February 8, 1947. Wallis was employed by Defendant for approximately forty-two (42) years before his constructive discharge.   Prior to being demoted in April 2011, Wallis had worked for fifteen (15) years as a day shift furnace operator, as well as a maintenance coordinator.   In his capacity as a furnace operator, Wallis was responsible for making sure the furnaces at Eastman's Longview location operated safely and efficiently.   As part of being a furnace operator, Wallis was also responsible for performing the duties associated with the maintenance coordinator position.   Wallis usually worked approximately forty (40) hours per week on the day shift, from 5:30 a.m. to 3:00 p.m. Monday through Thursday, and from 5:30 a.m. to 9:00 a.m. on Friday.

8.      In April of 2011, David Stacy, Wallis's direct supervisor, informed Wallis that the company planned to consolidate the position of day-shift furnace operator with the maintenance coordinator position.   He stated that if Wallis wanted the new position, he would have to apply for it. Stacy advised Wallis that the most qualified person would get the new position. Based on his extensive experience in both positions, Wallis applied for the new job.

9.      Several weeks later, Stacy informed Wallis that Bill Stone had been chosen for the new position.   Wallis was clearly more qualified for the new position than Stone.   Upon

information and belief, Stone is in his late thirties to early forties. In spite of the fact that Stacy said the job would go to the most qualified individual, Stacy then informed Wallis that Wallis would have to train Stone for several weeks for the new position. Moreover, Stacy told Wallis that if he wanted to continue working for the Company, he would have to return to shift work. Shift work not only entailed rotating the day shift with the graveyard shift, but it also entailed much more strenuous activity. Wallis asked Stacy if he had any other options. Stacy told him that he did, and that he could choose to retire.

10.     Wallis had previously performed shift work for the first twenty-seven (27) years of his employment with Eastman. However, he had not performed shift work in fifteen (15) years. Wallis' shift work entailed working twelve (12) hours at a time, and involved performing strenuous manual labor on and around the furnaces, both of which Wallis had not been required to do prior to his demotion. For example, Wallis' new, post-demotion job duties required him to take readings on the six furnaces in the building in which he worked, all of which were approximately ten stories tall. In order to obtain the required readings, Wallis had to climb each furnace between two and three different times per shift. Additionally, he had to rotate between working the day shift (from 7:00 a.m. to 7:00 p.m.) and the graveyard shift (from 6:00 p.m. to 6:00 a.m.). In spite of the physical demands of his post-demotion position, and in spite of the fact that Wallis was 64 years old, Wallis began performing his new duties once he finished training Bill Stone.

11.     Wallis performed his new job duties from May of 2011 until August of 2011, when he suffered a heart attack. Afterwards, Wallis' doctor advised him not to return to work due to the stress of shift work. Having no other alternative, rather than continue to put his health and life at risk, Wallis retired in March of 2012. In retiring, Wallis did what any other

8. Wallis is entitled to recover attorneys' fees and costs for bringing this action pursuant to Section 21.259 of the Texas Labor Code.

9. Wallis hereby demands a jury trial on his claims of age discrimination against Defendant.

## PRAYER

WHEREFORE, Plaintiff Max Wallis respectfully requests that judgment be granted against Defendant awarding Wallis the following:

A.    Lost wages and benefits in the past;

B.    Front pay and benefits;

C.    Past and future mental anguish damages;

D.    Exemplary damages as a result of the willful, intentional and wrongful constructive discharge by Defendant;

E.    Reasonable attorney's fees;

F.    Court Costs;

G.    Pre-judgment and post-judgment interest.

Respectfully submitted,

   /s/  Stephen E. Hammel
Stephen E. Hammel
shammel@hammellaw.com
State Bar No. 24043710
3102 Maple Avenue, Suite 400
Dallas, Texas 75201
PH:    (214) 953-9359
FX:    (214) 953-9360

ATTORNEY FOR PLAINTIFF

PLAINTIFF'S ORIGINAL PETITION

OF COUNSEL

Douglas B. Welmaker
Law Office of Douglas B. Welmaker
State Bar No. 00788641
1611 S. Wall Ave.
Tyler, Texas 75701
PHONE: (903) 220-1161
FAX:   (866) 696-6927